UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY E. S.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[2]<br><br>        Defendant. | Case No.: 22cv1499-LR<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF NO. 24]** |

Pending before the Court is Plaintiff's counsel's "Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" ("Motion for Attorney's Fees"). (ECF No. 24.) For the reasons set forth below, the Court **GRANTS IN PART** the Motion for Attorney's Fees.

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), the Court's opinions in Social Security cases filed under 42 U.S.C. § 405(g) "refer to any non-government parties by using only their first name and last initial."

[2] Plaintiff named Kilolo Kijakazi, who was the Acting Commissioner of Social Security when Plaintiff filed her Complaint on October 3, 2022, as a Defendant in this action. (See ECF No. 1 at 1.) Frank Bisignano is now the Commissioner of Social Security Administration, and he is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

1

## I. PROCEDURAL BACKGROUND

On October 3, 2022, Plaintiff filed a civil Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's application for social security disability benefits. (ECF No. 1.) The parties consented to this Court's jurisdiction on October 31, 2022. (ECF No. 8.)

On February 6, 2024, the Court issued an order finding that the ALJ erred because he improperly discounted Plaintiff's subjective symptom testimony and improperly evaluated the opinion of consultative examiner, Dr. Sial, and that the ALJ's errors were not harmless. (ECF No. 21 at 29, 37–40.) The Court reversed the final decision of the Commissioner, and remanded the case for the calculation and award of benefits.[3] (Id. at 40–44.)

On May 6, 2024, the parties filed a "Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412(d), and Costs Pursuant to 28 U.S.C. § 1920," seeking $5,600.00 in attorney's fees under the EAJA and costs in the amount of $402.00 under 28 U.S.C. § 1920. (ECF No. 22.) On May 7, 2024, the Court granted the motion, and awarded Plaintiff's counsel $5,600.00 in attorney's fees pursuant to EAJA[4] and costs in the amount of $402.00 under 28 U.S.C. § 1920. (ECF No. 23.)

---

[3] Notably, this decision represented the second decision the federal court rendered in the same case after the initial remand for further administrative proceedings. On September 7, 2017, Plaintiff filed a civil Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying Plaintiff's application for social security disability benefits. (See ECF No. 24-2 at 4.) On May 17, 2018, United States Magistrate Judge Robert N. Block issued a Report and Recommendation recommending that Plaintiff's motion for summary judgment be granted, the Commissioner's cross-motion for summary judgment be denied, and that the case be remanded for further administrative proceedings. (Id.); see also Stone v. Berryhill, Case No.: 3:17-cv-1689-W (RNB), 2018 WL 2317549, at *1, *6 (S.D. Cal. May 17, 2018). On July 6, 2018, United States District Judge Thomas J. Whelan adopted Judge Block's Report and Recommendation, and remanded the case for further administrative proceedings. (ECF No. 24-2 at 4); see also Stone v. Berryhill, Case No.: 17cv1689-W-RNB, 2018 WL 3327873, at *1–2 (S.D. Cal. July 6, 2018).

On May 11, 2024, Plaintiff was awarded $121,607.00 in past-due Social Security benefits.  (ECF No. 24 at 16–18, Decl. Monica Perales ("Perales Decl."); see also ECF No. 24–3.)  On March 13, 2024, Plaintiff's counsel, Monica Perales, filed a Motion for Attorney's Fees seeking an attorney's fee award of $30,401.75 under 42 U.S.C. § 406(b), arguing that the fee is reasonable considering the nature of her representation and the results she achieved in this case.  (ECF No. 24 at 1, 5–15.)  Plaintiff's counsel further moves for an order directing her to reimburse Plaintiff for the previously awarded EAJA fees.[5]  (Id. at 15.)

On March 25, 2025, Defendant filed a response to Plaintiff's counsel's motion.  (ECF No. 25.)  Defendant asserts that the Commissioner of Social Security does not have a direct financial stake in the outcome of Plaintiff's counsel's motion, "plays a part in the fee determination resembling that of a trustee for the claimants," and "neither supports nor opposes [Plaintiff's] counsel's request for attorney fees in the amount of $30,401.75, under 42 U.S.C. § 406(b)."  (Id. at 2.)

///

---

[4]  After the initial decision federal court's decision remanding this case for further administrative proceedings, on October 5, 2018, District Judge Whelan awarded Plaintiff's counsel $3,346.28 in attorney's fees pursuant to EAJA.  (See ECF No. 24 at 1, 5); see also Stone v. Berryhill, 17cv1789-W(RNB), ECF No. 26.

[5]  The Court notes that at the beginning of the Motion for Attorney's Fees, Plaintiff's counsel asserts that she was paid **$8,9<u>5</u>3.28** in EAJA fees, comprising of $5,600.00 in fees for the 2024 action and **$3,3<u>5</u>6.28** in fees for the 2018 action.  (ECF No. 24 at 1.)  However, in the same motion, Plaintiff's counsel states that she was reimbursed **$8,9<u>56</u>.28** in EAJA fees, comprising of $5,600.00 in fees for the 2024 action and **$3,3<u>4</u>6.28** in fees for the 2018 action.  (Id. at 5.)  Additionally, in the conclusion section of her motion, Plaintiff's counsel states that she is seeking an order directing Plaintiff's counsel to reimburse Plaintiff for "the EAJA fees of **$3,3<u>4</u>6.28** and $5,600.00 for a combined fee of **$8,9<u>56</u>.28**."  (Id. at 15 (emphases added).)  The Court reviewed the docket in the 2018 action and determined that the amount of EAJA fees awarded to Plaintiff's counsel was **$3,3<u>4</u>6.28**.  See Stone v. Berryhill, 17cv1789-W(RNB), ECF No. 26.  As such, it appears that Plaintiff's Motion for Attorney's Fees contains typos with respect to the EAJA fees awarded to Plaintiff's counsel for the 2018 action, which likely led to discrepancies in Plaintiff's cumulative EAJA fees calculations.  Accordingly, the cumulative amount of EAJA fees awarded to Plaintiff's counsel equal **$8,9<u>4</u>6.28 ($5,600.00 in fees for the 2024 action and $3,3<u>4</u>6.28 in fees for the 2018 action)**.

## II.  LEGAL STANDARD

Section 406(b) governs an attorney's right to recover fees in a case where a judgment was rendered in favor of a Social Security disability insurance claimant.  A district court may award "reasonable" attorney's fees, not to exceed twenty-five percent of the total past-due benefits awarded to the claimant.  See 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  The United States Supreme Court has explained that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807 (internal citation and footnote omitted).

In cases in which a contingency fee agreement exists, a district court should first look to the agreement and then test it for reasonableness.  See id. at 808.  When evaluating the reasonableness of a fee request under 42 U.S.C. § 406(b), a district court should consider the character of the representation and the results achieved.  See id.; Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009).  District courts examine the following factors: (1) whether counsel's performance was substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the requested fees are excessively large in relation to the benefits achieved, i.e., whether the attorney enjoyed a "windfall." Crawford, 586 F.3d at 1151–52.

The attorney's fee award under 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits awarded.  Gisbrecht, 535 U.S. at 802.  The EAJA also permits an attorney to receive fees for a successful Social Security representation.  See Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1216–17 (9th Cir. 2012).  Fees awarded

pursuant to the EAJA are paid by the government rather than the claimant. Id. at 1218. Attorneys are permitted to seek recovery under both 42 U.S.C. § 406(b) and EAJA, and to keep the larger fee, but they must refund the smaller fee to the claimant. See Gisbrecht, 535 U.S. at 796; Parrish, 698 F.3d at 1218.

### III. DISCUSSION

The contingency fee agreement between Plaintiff and her counsel, the Law Office of Lawrence D. Rohlfing, provides that Plaintiff's counsel would be paid a maximum of twenty-five percent[6] of past-due benefits awarded to Plaintiff. (See ECF No. 24-1 at 1.) Accordingly, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Therefore, the Court must analyze the character of the representation and the results achieved to determine reasonableness of the fees Plaintiff's counsel is seeking. See Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel wrote an extensive brief, which included a thorough analysis of Plaintiff's medical history, as well as arguments that the ALJ committed harmful errors by discounting Plaintiff's symptom testimony and the opinion of Plaintiff's consultative examiner. (See ECF No. 20.) Based on the parties' briefing and evidence submitted to this Court, the Court reversed and remanded the case for the calculation and award of benefits, and the Commissioner awarded Plaintiff $121,607.00 in past due benefits. (See ECF No. 24-3 at 2; Perales Decl. at 6.) Plaintiff's counsel's representation therefore resulted in the sizeable award to Plaintiff that would not have been achieved with a substandard performance of Plaintiff's counsel. Accordingly, Plaintiff's counsel did not render substandard representation. See Crawford, 586 F.3d at 1151. Additionally, the

---

[6] The cap set forth in 42 U.S.C. § 406(b)(1)(A) limiting attorney's fees to twenty-five percent of past-due benefits applies only to fees for representation before federal court, and not to aggregate fees awarded for representation before both the court and the agency. Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

Court's review of the docket indicates Plaintiff's counsel did not engage in dilatory conduct throughout litigation. See id.; (see also Docket).

Further, the amount of time Plaintiff's counsel expended on this case is not out of proportion to the fee award. See Crawford, 586 F.3d at 1151–52. Twenty-five percent of $121,607.00, the amount the Commissioner awarded Plaintiff on remand, is $30,401.75. Plaintiff's counsel seeks an attorney's fee award of $30,401.75. (See ECF No. 24 at 1, 3, 4.) Plaintiff's counsel expended 44.8 hours combined attorney and paralegal time while representing Plaintiff in two federal actions arising out of Plaintiff's claim. (Id. at 5; ECF No. 24-4 at 1–4.) When assessed against the proposed fee award, this amounts to a *de facto* hourly rate of $678.61 for both attorney and paralegal work, which is well within the range of rates previously approved by courts in similar cases. See Joel L. v. Bisignano, Case No.: 3:23-cv-02140-AHG, 2025 WL 2231247, at *1–2 (S.D. Cal. Aug. 5, 2025) (approving attorney's fees for a *de facto* hourly rate of $761.72, where the court reversed the Commissioner's denial of disability insurance benefits, and remanded for the calculation and award of benefits); Patrick S. v. Dudek, Case No.: 3:23-cv-00480-AHG, 2025 WL 642012, at *1–2 (S.D. Cal. Feb. 26, 2025) (approving a *de facto* hourly rate of $770.35, where the court reversed the Commissioner's denial of disability insurance benefits, and remanded the case for the calculation and award of benefits); Richardson v. Colvin, Case No.: 15-cv-1456-MMA-BLM, 2017 WL 1683062, at *1–2 (S.D. Cal. May 2, 2017) (approving a *de facto* hourly rate of $770, where the court reversed the Commissioner's denial of disability insurance benefits, and remanded for the calculation and award of benefits); Nash v. Colvin, Case No.: 12cv2781-GPC-RBB, 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving *de facto* hourly rate of $656, where the court remanded the case for calculation and award of benefits).

Notably, courts have recognized that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D.

Cal. Jan. 5, 2021); see also Moreno v. Berryhill, Case No.: CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap[.]").  Plaintiff's counsel in this case assumed a substantial risk of nonpayment by agreeing to be paid on a contingency basis, and counsel's work ultimately resulted in a highly favorable outcome for Plaintiff.  Additionally, Plaintiff's counsel does not seek a fee that exceeds the twenty-five percent statutory cap ($30,401.75 based on the $121,607.00 judgment).  The Court also notes that despite being given an opportunity to do so, Plaintiff has not filed an opposition to Plaintiff's attorney's Motion for Attorney's Fees.  (See Docket.)  The Court therefore finds that Plaintiff's counsel's attorney's fees request is reasonable.   See Crawford, 586 F.3d at 1145.

After an independent review, the Court concludes that the attorney's fees Plaintiff's counsel is seeking pursuant to 42 U.S.C. § 406(b) are reasonable.  However, because Plaintiff was previously awarded $8,946.28 in fees pursuant to the EAJA, the award of § 406(b) fees must be offset in that amount.  See Gisbrecht, 535 U.S. at 796 (proving that an award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART**[7] Plaintiff's counsel's Motion for Attorney's Fees [ECF No. 24].  The Court awards Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC, attorney's fees in the amount of $30,401.75.

/ / /

/ / /

---

[7] As discussed in detail in footnote 5, Plaintiff's counsel's motion contains discrepancies with respect to the EAJA fees awarded to Plaintiff's counsel for the 2018 action, as well as the aggregate amount of EAJA fees Plaintiff's counsel recovered for both federal actions.  The Court therefore GRANTS IN PART Plaintiff's counsel's motion.

The Court further **ORDERS** Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to reimburse Plaintiff, Shelley E. S., $8,946.28, the amount Plaintiff's counsel received under EAJA.

**IT IS SO ORDERED.**

Dated:  September 22, 2025

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge